# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**HENRY DAVIS,**

    **Defendant.**

Case No. 13-40115-02-JAR

## ORDER DENYING MOTION TO CORRECT CLERICAL ERROR

On March 4, 2014, Defendant pled guilty to two counts of aiding and abetting in Hobbs Act robberies in violation of 18 U.S.C. § 1951(a), stemming from the armed robberies of an EZ Payday Advance facility and a Family Dollar store located in Topeka, Kansas.[1] Defendant was sentenced to a term of 84 months' imprisonment.[2] This matter is now before the Court on Defendant's Motion to Correct Clerical Error (Doc. 188). Defendant requests the Court modify the May 27, 2014 Judgment and Commitment Order ("JCC") pursuant to Fed. R. Crim. P. 36 to reflect that his crime of conviction under the Hobbs Act does not qualify as a crime of violence, which allows the Bureau of Prisons ("BOP") to classify him as a violent offender and thus limits his ability to utilize the Second Chance Act through home confinement or half-way house placement.

A court may at any time "correct a clerical error in a judgment."[3] "Rule 36 gives the court authority to correct clerical-type errors, but does not give the court authority to

---

[1] Doc. 81.
[2] Doc. 107.
[3] Fed. R. Crim. P. 36.

1

substantively modify a Defendant's sentence."[4] A "clerical error" of the type anticipated by Rule 36 "should appear on the face of the record, leaving little need for adversary proceedings to clarify the issue."[5] "Typically, this would be an error 'of the sort that a clerk or amanuensis might commit, mechanical in nature.'"[6]

Defendant fails to identify any "clerical error" of the type anticipated by Rule 36. Instead, he asks the Court to amend the JCC to add language stating that a conviction under § 1951 should not be used to classify him as a violent offender under BOP policy P5100.08. Clearly, this request is beyond the scope of Rule 36.

To the extent Defendant is requesting judicial review of the terms of his incarceration, such review is not appropriate at this time. 18 U.S.C. § 3624(c) governs the release of prisoners and does not provide any authority for this Court to review placement or release decisions made by the BOP.[7] Instead, the Attorney General, through the BOP, is responsible for imprisoning federal offenders.[8] The BOP has its own policies that will identify whether Defendant is eligible for prerelease custody placements.[9] Calculation of a federal prisoner's sentence may be reviewed by a *habeas corpus* action under 28 U.S.C. § 2241.[10] However, judicial review is only appropriate after the prisoner has exhausted all of his or her administrative remedies with the

---

[4]*United States v. Gardner*, 601 F. App'x 717, 720 (10th Cir. 2015) (quoting *United States v. Blackwell*, 81 F.3d 945, 948–49 (10th Cir. 1996) (internal citations omitted)).

[5]*Id.* (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)).

[6]*Id.* (quoting *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008)).

[7]*See United States v. Moten*, No. 03-40054-SAC, 2007 WL 2155653, at *1 (D. Kan. July 26, 2007).

[8]*See United States v. Wilson*, 503 U.S. 329, 336–38 (1992).

[9]*See* 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."); U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 7310.04, Cmty. Corr. Ctr. (CCC) Utilization and Transfer Procedures (1998).

[10]*Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

BOP.[11] Here, there is no indication that Defendant has sought administrative relief by presenting to the Attorney General his request for reclassification as a non-violent offender, nor has he brought a *habeas* action under § 2241.[12]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Correct Clerical Error (Doc. 188) is **denied**.

**IT IS SO ORDERED.**

Dated: August 30, 2019

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[11]*Id.*; *Thomason v. Guzik*, 226 F.3d 642 (5th Cir. 2000).

[12]The Court notes that the Tenth Circuit recently issued its decision in *United States v. Harris*, 761 F. App'x 852, 854 (10th Cir. 2019) confirming that "Hobbs Act robbery is categorically a 'crime of violence' under § 924(c)(3)'s elements clause." *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1065 (10th Cir. 2018) (explaining the force element in Hobbs Act robbery "can only be satisfied by violent force").